## MARY A. JUDD *vs.* EUGENE A. ARNOLD and others.

### January 24, 1884.

**Lease Executed by Agent — Term Exceeding One Year.**—A lease of four rooms at a gross monthly rent, dated February 5, 1883, the tenants to have immediate possession of two of them, and of the other two on May 1, 1883, and the term to continue till May 1, 1884, is a lease for a term exceeding one year, and authority of an agent for the lessor to execute it must, under Gen. St. 1878, *c.* 41, § 10, be in writing.

**Same—Ratification.**—A ratification of such a lease, executed for the lessor by one not authorized in writing, must be in writing.

**Same—Estoppel.**—To estop the lessor, by proof of his assent to the lease, as to the due authority of the assumed agent to execute it, it must be shown that the lessor was informed what character of lease had been executed. Where it was as above described, information that the lease was for a year was not sufficient as a basis for an estoppel.

**Unlawful Detainer—Parties Defendant—Subtenants.**—In an action under Gen. St. 1878, *c.* 84, § 11, against a tenant holding over after his term expires, all who are in possession under the tenant may be joined with him as defendants.

**Same—Trial of Title to Real Estate.**—In such action a claim by the defendant that plaintiff has executed to him a lease for a further term, not yet expired, does not involve the title to real estate, so as to prevent a court not having jurisdiction to try cases involving title to try it.

Appeal by defendants from a judgment for restitution in an action for unlawful detainer in the municipal court of Minneapolis.

*Smith & Reed,* for appellants.

To entitle plaintiff to recover, she was required to prove as alleged that the relation of landlord and tenant existed between her and the defendants, and that they were holding over after the expiration of the lease, without any other claim of right to the possession or occupancy of the same. *Johnson* v. *Chely,* 43 Cal. 299; *Whitaker* v. *Gautier,* 3 Gilman, (Ill.) 443; *Ballance* v. *Curtenius,* Id. 449; *Sims* v. *Humphrey,* 4 Denio, 185; *Evertson* v. *Sutton,* 5 Wend. 281; *Benjamin* v. *Benjamin,* 5 N. Y. 383; *People* v. *Howlett,* 76 N. Y. 574; *Chandler* v. *Kent,* 8 Minn. 467, (524;) *Steele* v. *Bond,* 28 Minn. 267.

The authority of an agent to execute a lease need not be in writing. *Minor* v. *Willoughby,* 3 Minn. 154, (225;) *Groff* v. *Ramsey,* 19 Minn. 24, (44;) *Brown* v. *Eaton,* 21 Minn. 409; *Dickerman* v. *Ashton,* 21 Minn. 538. The authority may be inferred from the course of dealing. *Lawrence* v. *Winona & St. P. R. Co.,* 15 Minn. 313, (390.) Subsequent ratification, although oral, would validate the lease. *McIntyre* v. *Park,* 11 Gray, 102.

*Babcock & Davis,* for respondent.

GILFILLAN, C. J. Action under Gen. St. 1878, c. 84, § 11, to recover rented premises detained after the expiration of the term. It appears that plaintiff rented the premises to defendant Arnold for one year, terminating April 30, 1883; and February 5, 1883, he, assuming to act as plaintiff's agent, executed in her name to defendants Tibbitts and Myers a written lease of the premises; the term as to part of them to commence immediately, and as to the remainder to commence May 1, 1883, and to continue as to all till one year from the last date. Arnold had no authority in writing to rent the premises. The lease stipulated for a gross monthly rent for the rooms. It was therefore an entire and not a severable lease, and was for a term exceeding one year. By the terms of the statute it

was required to be in writing, and, being executed by an agent, his authority to execute it was required to be in writing. "No estate or interest in lands, other than leases for a term not exceeding one year, * * * shall hereafter be created, granted, assigned, surrendered, or declared, unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the parties creating, granting, assigning, surrendering, or declaring the same, or by their lawful agent thereunto authorized *by writing."* Gen St. 1878, *c.* 41, § 10. Our statute of frauds is peculiar, among other things, in this: that while, by section 10, authority in an agent to execute an instrument creating or conveying the estate must be in writing, by section 12 his authority to make an executory contract to create or convey it need not be in writing. *Minor* v. *Willoughby,* 3 Minn. 154, (225.)

A ratification by the principal of the not properly authorized act of the agent must be by an act of the character required for original authority. Where that must be in writing, the ratification must also be in writing. Browne on Statute of Frauds, § 17; Fitch, Real Est. Ag. 57; *McDowell* v. *Simpson,* 3 Watts, 129; *Lawrence* v. *Taylor,* 5 Hill, 107, 113; *Ingraham* v. *Edwards,* 64 Ill. 526; *Holland* v. *Hoyt,* 14 Mich. 238. To permit an oral ratification would, in many cases, let in the very evils which the statute aims to exclude. The evidence of oral ratification by plaintiff of the lease executed by Arnold was therefore of no effect. Of course, a principal may, by his acts or declarations, lay the basis for an estoppel as to the due authority of the assumed agent. But, in a case like this, to make the assent and acquiescence of the principal, and acts of the lessees in reliance thereon, operate as an estoppel as to the authority of the assumed agent to execute the lease, it is essential that she should have known what sort of lease the agent had assumed to execute in her name. The lessees must be supposed to have known the law,—that written authority in the agent was required to execute such a lease. And before they could rightfully rely and act on her assent to and acquiescence in a lease as evidence that she had authorized it in writing, they should have been sure that she was informed of the character of lease the agent had assumed to execute. The only evidence as to her information on the point was that defendant Arnold testified he

told her he had agreed to rent the rooms to the other defendants for a year from May 1, 1883, and defendant Tibbitts testified he told her he and Myers had a lease for one year, to commence May 1, 1883. This was not such a lease as was in fact executed. The information thus given was not sufficient as a basis for an estoppel as to the lease in question.

Objection is made that the action will not lie against Tibbitts and Myers, unless the relation of landlord and tenant existed between plaintiff and them. Undoubtedly, the action must be based on the conventional relation of landlord and tenant; not that it must exist when the action is brought,—for in the case of holding over it has ceased to exist by the termination of the tenancy,—but it must have existed; nor need it have existed as to all the defendants. The action may be brought, not only against the tenant, but all who are in under him may be joined with him as defendants. The statute (section 11, chapter 84) gives the action against the person holding over "after the termination of the time for which they are demised or let to him, or to the person under whom he holds possession." So that, though the relation do not exist as between him and them, the landlord may proceed against all who hold under the tenant as subtenants or otherwise, and there is no reason why all whose right to the possession depends on the same letting should not be joined in one action to determine the right to hold under it. The remedy of a landlord would be very defective if he had to proceed against each separately. The lease was void as to plaintiff, but it gave Tibbitts and Myers the right to the possession as against Arnold, and to the possession as against all others so long as his right to the possession continued. And their right terminated as to plaintiff when his did. So far as plaintiff was concerned, they were in the position of Arnold's tenants. The action was properly brought against him and them.

Defendants claim that the court below had no jurisdiction to determine the validity of the lease executed by Arnold. This claim must be based on the assumption that that question is one involving the title to real estate. Such, however, is not the case; for if plaintiff in fact, either personally or by her duly-authorized agent, exe-

cuted the lease, it is, as between these parties and in this action, entirely immaterial where the title to the property is. The only question is the right to the possession when the action was commenced, and a claim by a tenant that he continues in possession by the consent of the landlord, by lease or otherwise, does not involve the title, so as to prevent a trial of the claim by a court not having jurisdiction to try causes involving title to real estate.

Judgment affirmed.