Matthias, J.
The trial court decreed the reformation of the lease involved in this proceeding, which had been executed by The Guardian Savings & Trust Company as the agent of the plaintiff in error. The instrument as written leased to Watt, plaintiff below, defendant in error here, a portion of the building belonging to The Lithograph Build *78 ing Company, plaintiff in error, for a term of five years, and contained the following clause: “That the lessee will surrender possession of the within demised premises and relieve the lessor of all liability under this lease upon receipt of written notice from the lessor, one year prior to the time when possession is desired.”
The trial court found that said instrument did not accomplish the purpose of the parties and decreed that the same should be corrected and reformed by inserting instead of the paragraph above written the following: “It is understood and made a part of this lease that the city of Cleveland, is the owner of the ground on which said Lithograph Building is situated, and that the lessor reserves the right to cancel the within lease and demand possession of the within demised premises, by giving to the Lessee one year’s notice in writing in the event that the City purchase the building and require possession of the same.”
It is contended by plaintiff in error that The Guardian Savings & Trust Company was without authority to bind it by the execution of the lease here in question and that therefore such reformation was erroneously decreed.
The only authority of The Guardian Savings & Trust Company to act as the agent of the plaintiff in error with reference to the control or management of its building or any part thereof was conferred upon it by a power of attorney, or trust agreement so-called, the essential portions of which are sét out in the statement preceding this opinion. Assuming to act under authority thereby conferred *79 The Guardian Savings & Trust Company executed the lease in question. The power of attorney was not acknowledged, and neither it nor the lease in question was recorded. The decree of reformation was apparently based upon the assumption that the execution of such lease was validly authorized, or upon a finding that it had been ratified by the plaintiff in error; or upon the ground that the agent had full power to make such lease, though the authority therefor was defectively executed, and that the instrument while void as a lease was good in equity as a contract to make a lease.
The plaintiff below did not seek the enforcement of a contract to make a lease. On the contrary the petition assumes the validity of the lease and that it was executed in pursuance of proper authority legally conferred. The decree of the court does not contemplate the enforcement of specific performance of a contract to execute a lease, but seems to have proceeded upon the theory that the lease was based upon valid authority, and reformation was directed to meet the terms to which it was found the agent had assented.
The provisions of Section 8512, General Code, require that a power of attorney for the conveyance, mortgage, or lease of any estate or interest in real property, shall be signed, attested, acknowledged, and certified in the same manner as deeds, mortgages, and leases. And- Section 8536, General Code, requires that it be recorded.
Looking to Section 8510, General Code, to ascertain the requirements with reference to leases, we find that, a lease of any interest in real property *80 must be signed and acknowledged by the lessor; but under the provisions of Section 8517, General Code, such requirements are confined to leases executed for a term of more than three years. Under the plain provisions of these statutes a lease for five years is required to be acknowledged and recorded, and a power of attorney to authorize the execution of such a lease is also required to be acknowledged and recorded. However, failure to observe the requirements of these statutes with reference to the recording of such instruments does not in any wise affect the validity thereof as between the parties thereto. (Wright et al. v. Franklin Bank et al., 59 Ohio St., 80.) But it is held in the case of Richardson v. Bates, 8 Ohio St., 257, that, in an action upon an indenture leasing land for 'five years, to recover of lessees upon their covenants to pay rent, the answer, setting up the fact that the indenture was not attested nor acknowledged by the lessor, and therefore did not convey the term, and that the lessees were not indebted for any rent under the indenture, stated facts sufficient to constitute an equitable, and therefore a perfect, defense. In that case the judge rendering the opinion says, at page 264: “We have seen, by>the provision of the statute, the form prescribed for the execution of a valid lease, of such a term as this assumes to pass, must have the same requisites as an instrument to convey the fee of the land. If then this instrument as set forth entitled the plaintiff to recover, one executed in a similar manner purporting to convey a fee simple in land, should entitle a plaintiff to recover in an action for *81 the title and possession of the lands; but that would be utterly inconsistent, as well with the uniform adjudications in this state, as with the plain provision of the statute.” The rule here stated was later applied by this court in the case of Toussaint Shooting Club v. Schwartz et al., 84 Ohio St., 440.
This lease is of no more or greater validity than the instrument authorizing its execution; the same formalities are required in the execution of both. If a lease for five years is invalid if not acknowledged, so also is a lease for such term, though acknowledged, if executed by an agent whose authority is derived only from a power of attorney not acknowledged by the lessor. Bocock et al. v. Pavey et al., 8 Ohio St., 270.
It is contended, however, that the present case is ruled by the decision of Diehl v. Stine et al., 1 C. C., 515, 1 C. D., 287, later affirmed by this court without opinion. It is quite apparent from an examination of the record of that case that the controlling question there was whether a valid power of attorney had been executed authorizing the making of a deed conveying certain land. The case was heard by the circuit court upon appeal, which found that the power of attorney was executed in all respects as required by law, and that having been executed in conformity to law neither of the parties executing it nor their heirs could defeat the title of the grantee by proof that such power of attorney was not recorded. That decision does not. support the contention of the defendant in error in this case that acknowledgment of such *82 power of attorney by the lessor is not essential to its validity. The court not only did not hold that in its form and manner of execution the power of attorney there in question was lacking in any formality required by statute, but on the contrary expressly found that it was properly and legally executed, and based its decision upon that finding.
It is further contended by the defendant in error that the terms of the power of attorney in question in this case were broad enough to confer authority upon The Guardian Savings & Trust Company as the agent of The Lithograph Building Company to execute this lease, and that the same having been executed in pursuance of the authority vested, and the defendant in error having taken possession thereunder, such instrument must be treated at least as a contract to execute a lease, and, hence, enforceable in equity. If we assume that the power actually conferred upon the agent was sufficient to authorize it to execute such lease, then notwithstanding its defective execution the lease negotiated in pursuance of authority actually conferred would be treated in equity as a contract to make a lease. That proposition is well supported both by principle and authority, and, indeed, has not been questioned in this case.
As we have seen, however, the proposition rests upon the assumption that the agent did actually possess authority to execute such lease, although the. instrument by which it was sought to confer the authority was defectively executed. The Guardian Savings & Trust Company was constituted the agent of The Lithograph Building Com *83 pany with reference to certain property known as The Lithograph Building, and was given the “full management and control thereof, with power to collect the rents and income therefrom, to pay the taxes, insurance premiums and other fixed charges incident thereto and to make all necessary repairs and to do all other things which second party [The Guardian Savings & Trust Company] deems necessary or advisable in the proper management of said property.”
It is to be observed that no authority is specifically conferred to execute a lease. Certain powers are enumerated, and specified acts are authorized. It is from the language above quoted, if at all, that authority to execute the lease in question in this case must be derived. It is worthy of note that the contract of agency provided that such agency should continue a year, and thereafter could be terminated by either party upon sixty days’ written notice to the other; but if the building was sold within a year the contract of agency was to immediately terminate. The record discloses that'at the time such agreement was entered into and the relation of principal and agent created there was no occasion for the execution of any lease for any portion of the building for the year 1912, and that it was subsequent to the expiration of that year, and during the period when the authority of the agent must be regarded as only temporary, and when its term of management was uncertain, that it executed the lease to the defendant in error for a term of five years. It is significant, too, that nowhere in the enumeration of *84 the powers delegated to the agent is any express power conferred to execute any lease whatever, and the very general terms employed are relied upon as conferring sufficient authority to warrant the agent to execute a lease upon the premises for a period of five years notwithstanding the omission to observe the formalities required by the statute to accomplish the legal vesting of- such authority. The .very omission to so execute such power of attorney as to legally authorize the making of a five-year lease seems sufficient evidence <jf the intent of the owner to withhold from the agent such authority. Had the owner desired to confer it, presumably the method required by law would have been followed, and it should not now be held to have granted a power which it seems to have intended to withhold. If from the terms of this contract the agent’s authority may be inferred to warrant the execution of a five-year lease, why may it not also authorize the agent to bind the owner by a lease for ten or fifteen or twenty-five years ?
In the absence of evidence establishing authority in the agent to execute the instrument in question, it cannot in equity be decreed an enforceable contract to make a lease. A defectively executed instrument, either a lease or a deed, when made by the owner, may be enforced against him as a contract to make a lease or deed for the reason that it is his contract. If, however, such instrument be made by one wrongfully assuming to act as agent of the owner, or by one who is such agent, but without actual authority to enter into such a contract, then the instrument *85 cannot be held to be good as a contract to make a lease or deed, and enforceable as such against the owner. The principle is well established that persons accepting a lease of' real property executed by the agent of the owner are bound to ascertain whether he has authority to execute such a lease. The knowledge of the agent that he has overstepped the bounds of his authority cannot be imputed to the principal. Clement et al. v. Young-McShea Amusement Co., 70 N. J. Eq., 677.
This brings us to the question of ratification. It is disclosed by the record that The Guardian Savings & Trust Company, as the agent of plaintiff in error, executed leases on portions of said building to four other tenants shortly prior to the execution of the lease to defendant in error, two of which contained the clause sought to be inserted in the lease in question here by the action for reformation, and two of which did not contain that clause and were substantially the same as the lease of the defendant in error. None of said leases was recorded, and it appears from the record that neither the plaintiff in error nor any of its officers had any knowledge of the fact of the execution of such leases, nor of the terms they contained, until the agency of The Guardian Savings & Trust Company was terminated in September, 1913, when all of the leases were turned over to the plaintiff in error; and it further appears from the record that prior - to April 24, 1914, neither the plaintiff in error nor any of its officers had any knowledge that there was any claim or contention of the defendant in error that his lease *86 did not contain the terms agreed upon by himself and The Guardian Savings & Trust Company, at which time that claim was first asserted by the defendant in error in response to a notice to vacate at the expiration of a year in accordance with the terms of the lease as written.
It is contended by the defendant in error that the acceptance of rent by plaintiff in error constituted a ratification of the act of its agent in executing such lease and binds plaintiff in error as fully and completely as though the agent had been fully authorized in the premises. The proposition is well established that before the principal can be held to ratify the unauthorized acts of his agent it must appear that he had knowledge of all material facts. This proposition, amply supported by text-writers and courts, is quite aptly stated in 2 Corpus Juris, 500, as follows: “The acceptance of rents under an unauthorized lease, with full knowledge of the facts, may constitute a ratification ; but no ratification results from the acceptance of rents where the principal repudiates the unauthorized lease but allows the lessee to remain as tenant from month to month, or where the principal had no knowledge at the time- that the agent had exceeded his authority in making the lease.”
The lease as written, though for a term of five years, reserves to the owner the right to terminate the same upon giving a written notice one year prior to the time when possession is desired, and its right to do so is unconditioned. As thus written it was a lease from year to year at the option of the owner. That was the lease which came to the *87 attention of the plaintiff in error, and it was only that lease, if any,- which it ratified. There was no acquiescence at any time by plaintiff in error, so far as the record discloses, that might possibly be construed as a ratification of any contract except as written and brought to the attention of the plaintiff in error.
The principle is so well established as to be no longer open to question that a parol ratification does not validate a transaction required by statute to be in writing. (Richardson v. Bates, supra; Clement v. Young-McShea Amusement Co., supra, and Judd v. Arnold et al., 31 Minn., 430.) In the case last referred to it is said by the court: “A ratification by the principal of the not properly authorized act of the agent must be an act of the character required for original authority. Where that must be in Writing, the ratification must also be in writing. * * * To permit an oral ratification would, in many cases, let in the very evils which the statute aims to exclude. The evidence of oral ratification by plaintiff of the lease executed by Arnold [the agent] was therefore of no effect. Of course, a principal may, by his acts or declarations, lay the basis for an estoppel as to the due authority of the assumed agent. But, in a case like this, to make the assent and acquiescence of the principal, and the acts of the lessees in reliance thereon, operate as an estoppel as to the authority of the assumed agent to execute the lease, it is essential that she should have known what sort of lease the agent had assumed to execute in her name.”
*88 In the case of Clement v. Young-McShea Amusement Co., supra, it was held in substance that when an agent executes a contract beyond the scope of his authority the principal will not ordinarily be deemed to have'ratified it, or to be estopped from repudiating it, unless he appears to have had actual or constructive notice of its terms; and, further, that if an agent be not authorized in the manner required by statute to execute a lease for real property, knowledge of his principal that the tenant is in possession and paying rent is not sufficient to work either ratification or estoppel. *
If the lease were entirely void it does not follow that the tenant in possession would be relieved from any obligation to pay rent, for the tenancy of the lessee would be subject to all the provisions of the lease except its duration. Possession taken and rent paid under a parol lease for years creates a tenancy from year to year. 24 Cyc., 1030; B. & O. Rd. Co. v. West, 57 Ohio St, 161, and Gladwell v. Holcomb et al., 60 Ohio St., 427.
A further claim of ratification of this lease is based upon the action taken by the plaintiff in error in instituting the original proceeding seeking to eject the defendant in error from its building, and it is also urged that plaintiff in error estopped itself from asserting the invalidity of the lease by demanding rent subsequent to the decree of reformation in the court below, and also by an action to eject the defendant in error on the ground of nonpayment of rent, instituted subsequent to the decree of reformation. It is quite apparent from *89 the record that the action of the "plaintiff in error, including the institution of the proceeding referred to, has been entirely consistent with a ratification and acceptance of the lease as written and as it came to its attention, and it does not appear from the record that the plaintiff in error has at any time assumed an attitude inconsistent with repudiation of a lease other than the written lease presented to it, which, as we have seen, is substantially a lease only from year to year.
The following language used by Johnson, J., in Spengler v. Sonnenberg et al., 88 Ohio St., 205, is applicable to this case: “Here the purchaser was bound to know the extent of the agent’s authority. The contract made by the agent exceeded that authority, and the principal repudiated it as soon as he learned that it had been made. The case contains none of the elements which must be present before the application of the doctrine of estoppel can be insisted upon. There was no conduct or representation by the owner upon which the purchaser relied. Nothing whatever was done by the purchaser which was induced by the silence of the owner with knowledge of the facts.”
The principle, that a claim made or position taken in a former action or judicial proceeding will estop the party from making an inconsistent claim or from taking a conflicting position in a subsequent action or judicial proceeding to the prejudice of the adverse party, is entirely inapplicable here, for the reason that the attitude assumed and the action taken by the plaintiff in error have been consistent *90 with the lease as written and consistent with the claim that the lease as sought to be reformed was unauthorized.
In our opinion, therefore, the decree of reformation was unwarranted, and the judgments of the court of appeals and the common pleas court are reversed, and judgment is rendered for plaintiff in error.

Judgments reversed.

Nichols, C. J., Wanamaker, Newman, Jones, Johnson and Donahue, JJ., concur.