In the Matter of the Petition of Thomas M. WILLMUS in relation to Tract B, registered land survey No. 189, registered certificate of Title Nos. 368683 and 369410.

No. C7–96–2617.

Court of Appeals of Minnesota.

Sept. 9, 1997.

Review Denied Oct. 21, 1997.

William R. Busch, St. Paul, for Appellant Thomas M. Willmus.

Bradley N. Beisel, Minneapolis, for Respondent.

Lloyd W. Grooms, Thomas H. Boyd, Andrew D. Pugh, Winthrop & Weinstine, P.A., St. Paul, for amici curiae Minnesota Land Title Association and Minnesota Real Estate Services Association.

Considered and decided by AMUNDSON, P.J., and NORTON and PETERSON, JJ.

## OPINION

NORTON, Judge.

Appellant challenges the trial court's determination that respondent's land was unencumbered by an easement benefiting appellant. Appellant also makes claims regarding the district court's alleged violations of the law of the case doctrine and the Statute of Frauds. We affirm the district court's ruling that the easement does not encumber respondent's property, and we do not address the other claims.

## FACTS

In 1962, John and Catherine Moga commissioned and later registered Land Survey Number 189 (RLS 189) splitting a parcel of their land into two tracts, A and B. RLS 189 indicated that Tract B would include "an easement for ingress and egress to said Government Lot 3 * * * over and across that part of Lot 24 * * * [and a] portion of the original road along the Southerly line of said Lot 24 * * * ." The Mogas did not sign RLS 189; nor does the record indicate that they signed any other document creating a private easement over Tract A for the benefit of Tract B.

Later, the Mogas conveyed Tract A to Robert and Joan Emmons. The Emmonses' certificate of title described the land by referring to RLS 189 of record in the office of the Registrar of Titles in Ramsey County. Willmus, who later purchased Tract B from Catherine Moga, asserts that during the Moga–Emmons transaction, "the Mogas told the Emmonses about the Access Easement * * * ." Dr. Robert Emmons testified that [a]t no time during the purchase of that property or afterward did Mr. or Mrs. Moga indicate that any part of the property was encumbered by an access easement.

[Dr. Emmons remembered] Mr. and Mrs. Moga indicating that they had intended to place an access easement on the property but so far as [he] kn[e]w this was never done.

The deed conveyed to the Emmonses did not expressly reserve an easement over Tract A.

On May 21, 1968, Catherine Moga conveyed Tract B to Willmus. The description of the property was Tract B, RLS 189 on file with the office of the Registrar of Titles in Ramsey County. Willmus claims he researched RLS 189 and discovered the easement before buying Tract B. He asserts he would not have purchased Tract B absent the easement because at the time he purchased Tract B, it was otherwise landlocked.

In July 1989, in anticipation of buying Tract A from the Emmonses, the Doughertys paid a licensed appraiser to prepare a written appraisal of Tract A for their mortgage company. The appraisal included a map that noted "75 ESMT" with an arrow pointing through the strip of land where the easement would lie. There was no other mention of the easement. The Doughertys did not see a copy of the appraisal until November 1989, three months after closing. At that time, they did not notice the reference to the easement.

On August 4, 1989, the Emmonses sold Tract A to the Doughertys by warranty deed. Dr. Emmons testified by affidavit that when he sold the Doughertys Tract A he "did not mention anything about an access easement[.]" The property was again described as RLS 189 Tract A. The Emmonses showed the Doughertys a 1959 survey of Tract A and Tract B on which someone had sketched "R.L.S. 189." The 1959 survey did not include any mention of the easement because the 1959 survey was created prior to the 1962 creation of RLS 189.

In 1992, the Doughertys' father was exploring the deeds to the property at the courthouse when he discovered the note regarding the easement in RLS 189 and showed it to the Doughertys. The Doughertys took no action.

In August 1993, Willmus approached the Doughertys, desiring to use the easement.

The Doughertys sent Willmus a letter stating in relevant part:

First, my understanding of the history of this parcel of land is that at the time Tracts A and B were created, access to Hamline Avenue for Tract B was required. Access to Hamline Avenue was acquired by the creation and granting of a 75–foot ingress and egress easement over Lot 24. The position of the easement corresponds with the southwesterly portion of the property line for Tract B.

In November 1993, Willmus began to use the disputed easement.

Willmus petitioned (1) to have the Ramsey County Registrar of Titles enter a memorial on the certificate of title to Tract A stating that the ingress and egress easement exists and (2) for a determination that he was authorized to use the easement. The Doughertys moved for summary judgment. The district court granted summary judgment, concluding that RLS 189 did not create an easement.

This court reversed and remanded, concluding that (1) there was evidence to show that the Mogas intended to create an easement and (2) RLS 189, the letter the Doughertys wrote to Willmus, and certain other facts were evidence allowing the inference that the Doughertys may have had actual notice of the easement when they bought Tract A and, thus, summary judgment was improper. This court directed the trial court to address the possible applicability of estoppel by deed and Minn.Stat. § 508.25 if it concluded that the Doughertys did not have actual notice of the easement. In re Willmus, No. C7–94–8327 (Minn.App.Jan.23, 1996) (Willmus I).[1] On remand, the trial court determined that (1) the Mogas never created the easement, (2) the Statute of Frauds invalidated any easement that the Mogas attempted to create, (3) the letter

is not evidence of, nor an admission that, [the Doughertys] had actual knowledge of the purported private easement at the time they purchased the Dougherty Property or at any time prior to 1992[,]

(4) the Doughertys did not have actual notice of the easement, (5) estoppel by deed was inapplicable, and (6) Minn.Stat. § 508.25 was inapplicable. This appeal followed.

## ISSUE

Did the trial court err by determining that the Doughertys' land was not encumbered by an easement for the benefit of Willmus?

## ANALYSIS

This court reviews the trial court's findings of fact under a clearly erroneous standard. Minn. R. Civ. P. 52.01. This court reviews the trial court's legal conclusions de novo. *Hubred v. Control Data Corp.*, 442 N.W.2d 308, 310 (Minn.1989). Willmus claims the trial court erred by concluding the Doughertys' land was unencumbered by any easement benefiting Willmus. We disagree.

### A. Torrens Act

■ Willmus asserts the trial court erred when it determined no enforceable interest was created in the Doughertys' land by the reference to RLS 189 on the certificate of title. The Doughertys and amici curiae respond that Willmus's assertion contradicts the purpose of the Torrens Act and would jeopardize the stability of the registered land system if accepted by this court. This response is compelling.

■ The Torrens Act provides:

All interests in registered land, less than an estate in fee simple, shall be registered by filing with the registrar the instrument which creates, transfers, or claims the in-

---

1. To the extent appellant claims the circumstances listed on pages 5–6 of *Willmus I* show actual knowledge, we reject that argument. The prior appeal was from summary judgment, and on an appeal from summary judgment, we must view the facts in the light most favorable to the party against whom the summary judgment was granted. *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993). We must also resolve all inferences from those facts in favor of the nonmoving party, *O'Malley v. Ulland Bros.*, 549 N.W.2d 889, 897 (Minn.1996) (citing *Sauter v. Sauter*, 244 Minn. 482, 484–85, 70 N.W.2d 351, 353 (1955)). The *only thing Willmus I* did was rule that the record in that appeal contained facts that, if viewed in the light most favorable to Willmus, allowed inferences that, if also viewed in the light most favorable to Willmus, precluded summary judgment.

terest, and by brief memorandum or memorial of it made and signed by the registrar *upon the certificate of title.*

Minn.Stat. § 508.49 (1996) (emphasis added). Further, it provides:

> Every person receiving a certificate of title pursuant to a decree of registration and every subsequent purchaser of registered land who receives a certificate of title in good faith and for a valuable consideration *shall hold it free from all encumbrances and adverse claims, excepting only* the estates, mortgages, liens, charges, and *interests as may be noted in the last certificate of title* in the office of the registrar * * *.

Minn.Stat. § 508.25 (1996) (emphasis added). The purpose of the Torrens system of land registration is to ensure that a person dealing with registered property "need look no further than the certificate of title for any transactions that might affect the land." *Mill City Heating & Air Cond. v. Nelson,* 351 N.W.2d 362, 364–65 (Minn.1984). The Torrens Act provides a registered land ownership system where a "purchaser may accept [a certificate of title to registered land] as truly stating the title and may disregard any claim not so appearing." *Kane v. State,* 237 Minn. 261, 268–69, 55 N.W.2d 333, 338 (Minn.1952) (citation omitted); *see Mill City Heating & Air Cond.,* 351 N.W.2d at 364–65 (holding purpose of Torrens system to ensure person dealing with registered property "need look no further than the certificate of title for any transactions that might affect the land").

In *Kane,* the supreme court analyzed facts and an argument similar to those here and ruled that the Torrens Act protects a good faith purchaser for value from those encumbrances mentioned in a descriptive document, but not explicitly noted on the certificate of title. 237 Minn. at 269–70, 55 N.W.2d at 338.[2] In *Kane,* a restrictive covenant was

noted on a recorded plat and the certificate of title referred to the plat. 237 Minn. at 262, 55 N.W.2d at 334. The supreme court determined that because the land was registered and, thus, governed by the Torrens Act, the subsequent good faith purchaser for value was not required to go to the plat to ascertain whether encumbrances were noted thereon. 237 Minn. at 269–70, 55 N.W.2d at 338. Here, while RLS 189 was mentioned on the certificate of title, the easement was not. Therefore, under *Kane,* the mere mention of RLS 189 on the certificate of title did not "note" the easement on the certificate of title for purposes of the Torrens Act. We conclude the trial court did not err by recognizing that no duty on the part of the Doughertys existed to research RLS 189 to discover the easement.

**B. Actual notice**

The Torrens Act "abrogates the doctrine of constructive notice except as to matters noted on the certificate of title. * * * [I]t does not do away with the effect of actual notice, although it undoubtedly imposes the burden of proving such notice upon the one asserting it." *In re Juran,* 178 Minn. 55, 60, 226 N.W. 201, 202 (1929).[3] Willmus asserts that the Doughertys had actual notice of the access easement via three sources before they purchased Tract A. Thus, Willmus argues, even if the Torrens Act does not recognize encumbrances within descriptive documents other than the certificate of title, the Doughertys cannot dispute the easement's existence because they had notice of it.

First, Willmus contends the Doughertys received actual notice by operation of law according to Minn.Stat. § 508.48 (1996), which provides:

> Every conveyance, lien, attachment, order, decree, or judgment, or other instrument or proceeding, which would affect the title to unregistered land under existing laws, if

---

**2.** Willmus attempts to distinguish *Kane* by stating that the plat in *Kane* was on file with the registrar of deeds, rather than the county registrar of titles, we conclude this is an artificial distinguishing factor. In *Kane,* the court stated that the stability of the Torrens law required that only those covenants and encumbrances that were explicitly detailed on the face of the certificate of

title bind the good faith purchaser for value. *Kane,* 237 Minn. at 269–70, 55 N.W.2d at 338. We conclude that principle applies to encumbrances on file with the registrar of titles as well as the registrar of deeds.

**3.** *See* note 1.

recorded, or filed with the county recorder, shall, in like manner, affect the title to registered land if filed and registered with the registrar in the county where the real estate is situated, and shall be notice to all persons from the time of such registering or filing of the interests therein created. Neither the reference in a registered instrument to an unregistered instrument or interest nor the joinder in a registered instrument by a party or parties with no registered interest shall constitute notice, either actual or constructive, of an unregistered interest.

Willmus asserts Minn.Stat. § 508.48 imputes actual notice by mere registration of an instrument that affects title to registered land. We disagree. Actual notice requires actual knowledge. *See In re Alchemedes/Brookwood, Ltd. Partnership,* 546 N.W.2d 41, 42 (Minn.App.1996) (holding in Torrens Act cases, "actual notice means actual knowledge"), *review denied* (Minn. June 7, 1996); *see Kirkwold Const. Co. v. M.G.A. Const., Inc.,* 513 N.W.2d 241, 244 (Minn.1994) (interpreting actual knowledge to "qualify as" actual notice). Thus, we conclude that the actual notice exception in *Juran* does not apply where notice is imputed by law, but rather requires that a party actually know the interest in the land exists.

Next, Willmus argues that the Doughertys obtained actual notice because their agents knew about the easement. Willmus refers to the appraiser, the mortgage company, and the title company as the Doughertys' agents. Yet, Willmus provided no record evidence that the appraiser, mortgage company, or title company had agency authority to acknowledge encumbrances on Tract A. Thus, Willmus's argument that the Doughertys had actual knowledge via their agents must fail. *See Judd v. Arnold,* 31 Minn. 430, 432, 18 N.W. 151, 151 (1884) (holding generally authority of agent to do act must be in writing); *Juran,* 178 Minn. at 60, 226 N.W. at 202 (burden of proof on one asserting actual notice existed).

■ Finally, Willmus asserts the Doughertys' letter to Willmus is evidence that the Doughertys had actual knowledge of the easement. However, the letter does not describe when the Doughertys knew that the easement had been created, and thus, does not reveal that they had actual knowledge of the easement before they purchased Tract A. To the contrary, Mr. Dougherty testified that his understanding regarding the easement's creation arose as a result of Willmus informing him that it existed in 1992 before he wrote the letter and three years after the Doughertys purchased Tract A. We conclude that the letter, by itself, is insufficient evidence to prove that the Doughertys had actual knowledge of the easement when they purchased Tract A. The trial court did not err by concluding that Willmus did not satisfy his burden of proving that the Doughertys had actual knowledge of the easement before purchasing Tract A.

## C. Estoppel by deed

■ Willmus asserts that the trial court misinterpreted the law by determining that the doctrine of estoppel by deed does not apply to registered land. Willmus, in effect, argues that the Doughertys should be estopped from disputing the easement's existence because the easement is mentioned in a document referenced on the certificate of title. The cases Willmus relies on to support this assertion, however, are inapposite. Those cases either apply to unregistered land or were decided before enactment of the Torrens Act. Since enactment of the Torrens Act this is an issue of first impression. The court, in *Kane* provided some guidance in its analysis of a similar contention. In *Kane,* the court distinguished *Bryant v. Gustafson,* 230 Minn. 1, 8, 40 N.W.2d 427, 432 (1950), by stating that encumbrances noted in plats identifying the land are binding on subsequent good faith purchasers for value of unregistered land, but the Torrens law prohibits the same outcome in cases where the purchaser registers the land. *Kane,* 237 Minn. at 267, 55 N.W.2d at 337; *see In re Wylde,* 454 N.W.2d 423, 425 (Minn.1990) (holding, while dicta in an opinion of the supreme court "is not conclusive evidence of the law and is not entitled to stare decisis deference[,] * * * it should not be ignored and is entitled to great weight") (citing *In re Estate of Bush,* 302 Minn. 188, 208, 224

N.W.2d 489, 501 (1974)). We, likewise, conclude that the benefits and purpose of the Torrens Act would be damaged if we were to apply the estoppel by deed doctrine to registered land. *See Juran*, 178 Minn. at 58, 226 N.W. at 202 (purpose of Torrens Act to "establish an indefeasible title free from any and all rights or claims not registered with the registrar of titles * * * "). We conclude that the doctrine of estoppel by deed is inconsistent with the purpose of the Torrens Act.

### D. Minn.Stat. § 508.25

Willmus asserts that Minn.Stat. § 508.25 barred the Doughertys from disputing the existence of the easement. In *Kane*, the court explicitly rejected a contention like Willmus's by noting that under Minn.Stat. § 508.25, a good faith purchaser for value of registered land is not required to search the descriptive documents for encumbrances and is not bound by the encumbrances found on the descriptive documents absent a separate noting on the certificate of title that the encumbrances exist. *Kane*, 237 Minn. at 268–69, 55 N.W.2d at 337. The trial court did not err by determining the Doughertys' land was unencumbered by any easement benefiting Willmus.

Additionally, Willmus asserts that the trial court violated the law of the case rule by finding that "[t]he Mogas never created a private easement for the benefit of Tract B" and by concluding that the Statute of Frauds invalidated any easement that had been created. Because the failure to note the easement on the face of the certificate of title and the Doughertys' lack of actual knowledge of the easement mean the easement does not encumber Tract A, we need not address these assertions.

### DECISION

The Doughertys' property was not encumbered by any alleged easement benefiting Willmus because (1) the certificate of title did not expressly indicate the easement interest, (2) the Doughertys were not obliged to research RLS 189 to discover the easement, (3) the Doughertys did not actually know the easement existed upon conveyance, (4) estoppel by deed is inapplicable to registered land, and (5) Minn.Stat. § 508.25 did not preclude the Doughertys from disputing the easement's existence.

**Affirmed.**