PINE TREE LUMBER COMPANY v. S. S. McKINLEY and Another.[1]

June 7, 1901.

Nos. 12,601—(130).

## Use of Logging Road—Injunction.

Action to enjoin the defendants from interfering with the plaintiff's use of a logging road. The trial court denied the plaintiff's motion for a temporary injunction, but granted one on behalf of defendants restraining the use of the road by the plaintiff. *Held*:

1. The grant of all of the pine on a tract of land, which is inaccessible except over other land of the grantor or that of strangers, with the right to enter and remove the timber, carries by implication a right of way for that purpose over such other land of the grantor.

2. A defendant in a proper case may, by way of cross complaint or bill, set up an action for equitable relief in the form of an injunction against the plaintiff.

3. The answer herein does not justify the issuance of such injunction against the plaintiff.

Action in the district court for Becker county to restrain defendants from obstructing, or interfering with the use by plaintiff of a logging road. Defendants, answering, asserted that the alleged road ran over land the title to which was in defendant S. S. McKinley, that the road was closed to travel, denied that plaintiff had any rights in the premises, and prayed that plaintiff be ·denied relief. Upon the hearing of an order to show cause granted upon the answer and affidavits, the court, Searle, J., made an order directing the issuance of a temporary injunction restraining plaintiff from entering upon or using the road pending determination of the action, from which order plaintiff appealed. Reversed.

*L. W. Bills* and *Lindbergh & Blanchard,* for appellant.

*Reynolds & Roeser* and *F. A. Vanderpoel,* for respondents.

START, C. J.

Action to enjoin the defendants from interfering with the plaintiff's use of a logging road over and along the land described in the complaint. The plaintiff procured from the district court an order

[1] Reported in 86 N. W. 414.

to show cause why the defendants should not be restrained, pending the action, from interfering with the plaintiff's use of the road. The defendants, in response to the order, filed their verified answer, and a number of affidavits, and upon the hearing on the order to show cause moved the court to discharge the order, and for an order restraining the plaintiff, pending the action, from using the road. Thereupon the trial court discharged the order to show cause, and directed the plaintiff to show cause on a named day why it should not be enjoined, pending the action, from using the road. Upon the hearing of this order the court directed that a temporary writ of injunction issue absolutely restraining the plaintiff from using the road for any purpose. The plaintiff appealed from the order.

It appears from the record with reasonable certainty that one of the defendants was the owner of two parcels of land, which, for convenience, are here designated as tracts 1 and 2, and conveyed to the plaintiff all the pine standing on tract 2, with the right to enter upon the land, and remove the pine, at any time within twenty years. The tract so conveyed was surrounded by the land of the defendant and that of strangers, and was inaccessible except by passing over tract 1, or over the land of third parties. Thereupon the plaintiff constructed the logging road in question over tract 1, and used it for the purpose of removing the pine timber from tract 2, pursuant to the grant, and hauling it to a stream navigable for logs. But the record also justifies a finding to the effect that the plaintiff is making use of the road for the purpose of hauling to such stream some six to seven millions of logs belonging to it from lands other than the tract conveyed to it.

Now, the grant to the plaintiff included whatever was reasonably necessary to make it effective, and it is clear that, unless the plaintiff can pass over tract 1 to get to and remove the pine on tract 2, the grant cannot be made available. Therefore the grant of the timber and the right to enter and remove it carried with it by implication a way over tract 1 for that purpose; that is, a way of necessity. But such grant gave the plaintiff no right to use the way for removing timber from its lands other than tract 2. It

follows, then, that the record, if the answer was sufficient for that purpose, would justify a temporary injunction restraining the plaintiff from using the road except for the purpose of removing the timber from tract 2. But the order appealed from awards an injunction absolutely restraining the plaintiff from using the road for any purpose whatever. It was, therefore, too broad, and, in any event, must be modified. The answer, however, was not sufficient to justify the issuance of any injunction in favor of the defendants and against the plaintiff.

While the code makes no express provisions for cross complaints or bills, yet they are recognized by our practice. Pioneer Fuel Co. v. St. Peter St. Imp. Co., 64 Minn. 386, 67 N. W. 217. It was competent, therefore, for the defendants in this case to have set up by way of counterclaim or cross complaint a cause of action against the plaintiff to restrain it from using the road in question for any purpose except for the removal of the timber from tract 2. The answer in such a case must contain all the allegations required in a complaint to justify the granting of a temporary injunction, for the only real difference between a complaint and a cross complaint is that the former is made by the plaintiff, and the latter by the defendant. An injunction cannot be granted in any case without a proper complaint framed for that purpose. Now, it is obvious from a mere reading of the answer in this case that, treating it as a cross complaint or bill, it is insufficient to justify the issuance of any injunction, and that it was never intended to be a statement of an independent cause of action for relief against the plaintiff. On the contrary, it is simply defensive in its character.

Order reversed.