**LAKE GEORGE PARK, L.L.C., Appellant,**

v.

**Jerry MATHWIG, Respondent,**

**IBM Mid–America Credit Union, a corporation under the laws of the State of Minnesota, Respondent,**

**City of Rochester, Defendant.**

No. C8–95–2499.

Court of Appeals of Minnesota.

June 4, 1996.

Kenneth R. Moen, Dunlap & Seeger, P.A., Rochester, for Appellant.

Paul M. Ohly, Ohly Law Office, Rochester, for Respondent Mathwig.

Daniel J. Heuel, Muir, Heuel, Carlson & Spelhaug, P.A., Rochester, for Respondent IBM.

Considered and decided by KLAPHAKE, P.J., and RANDALL and FOLEY*, JJ.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## OPINION

KLAPHAKE, Judge.

Lake George Park, L.L.C., appeals a grant of summary judgment denying its claim of an implied easement over respondent IBM Mid–America Credit Union's property. Because this record does not support finding a severance of title in 1976, we reverse and remand.

## FACTS

There is presently no legal access to the property owned by Lake George Park, L.L.C. (LGP property). The LGP property is one of several adjoining parcels formerly owned by George Baihly and his wife (Baihly). Until 1985, access to the LGP property existed through neighboring parcels. As those parcels were one-by-one developed and platted without reserving access to the LGP property, access to the LGP property shifted from one neighboring parcel to the next. As of 1985, access to the LGP property existed solely through the property presently owned by respondent IBM Mid–America Credit Union (IBM property).

Until 1976, Baihly held fee title to both the LGP and adjoining IBM property. The parties do not dispute that on June 24, 1976, Baihly entered into a contract for deed to sell a one-half undivided interest in the LGP property to individuals with whom he had formed a real estate development partnership known as Green Meadows. Baihly thus retained full ownership of one-half of the LGP property, as well as a vendor's interest in the other half. He also retained fee simple title to the IBM property.

Based on these facts, the district court determined that the contract for deed effectuated a severance of Baihly's title in the two parcels in 1976. Because there was no necessity for an implied easement over the IBM property to benefit the LGP property in 1976, the court did not imply an easement.

## ISSUE

Did the district court erroneously conclude that the June 1976 contract for deed effected a severance of title to the adjoining tracts?

## ANALYSIS

An implied easement of access protects the purchaser of a "landlocked" parcel from being denied access through an adjoining parcel retained by the seller. 3 Richard Powell & Patrick Rohan, *Powell on Real Property* § 34.07 (1995). In such a case, an easement providing access is implied if *at the time of severance* of the two parcels the use of the retained parcel for access was "so long continued and apparent as to show that it was intended to be permanent," and the access was necessary for the use of the conveyed parcel. *Romanchuk v. Plotkin,* 215 Minn. 156, 160–61, 9 N.W.2d 421, 424 (1943).

The issue here is when did the severance of title occur. Two jurisdictions have expressly held that a contract for deed to sell one tract when the vendor retains the adjoining tract does not result in a severance of title.

> While the actual beneficial interest which appellants had in the property as long as the contract remained in good standing amounted to no more than the right to receive the contract payments as they fell due, the legal title to the land remained in appellants until they conveyed the same by deed. The actual severance thus occurred at the time the deed was delivered.

*Hubbard v. Grandquist,* 191 Wash. 442, 71 P.2d 410, 413 (1937). Similarly, *Hitchman v. Hudson,* 40 Or.App. 59, 594 P.2d 851 (1979), held that a contract to convey land did not result in a severance of title.

Minnesota has not addressed the specific issue presented here. Other jurisdictions, however, have viewed "severance of title" as occurring when possessory interests diverge. *See, e.g., Schmidt v. Eger,* 94 Mich.App. 728, 289 N.W.2d 851, 856 (1980) (lease which conveys right to use and possess land to lessee was a severance). In *United States v. O'Connell,* 496 F.2d 1329 (2d Cir.1974), parcels owned by different corporations were held in "unity of interest" and not considered severed parcels because the corporations were owned and controlled by the same shareholders. These cases analyze the question in light of the purpose of the severance requirement. "Simply put, a severance is required because it is a legal impossibility to

have an 'easement' in your own land." *Schmidt,* 289 N.W.2d at 856.

When the trial court decided the 1976 contract for deed created a severance, it did not address *Baihly's* possessory interests in the two parcels. Upon executing the 1976 contract for deed, Baihly retained title, and possession, of an undivided one-half interest in the LGP property. *Unless otherwise agreed,* Baihly, as vendor, also retained the right to possession of the other undivided one-half interest. *See Berndt v. Berndt,* 127 Minn. 238, 241, 149 N.W. 287, 288 (1914) (unless otherwise agreed, vendor has right to possession until vendee has paid purchase price and performed other conditions of contract). Here, the contract for deed is not part of the record, and it cannot be inferred from the evidence that Baihly was dispossessed of the LGP property when he became vendor of an undivided one-half interest in the LGP property, but retained title to the other undivided one-half interest. Moreover, Baihly and the contract vendees were partners in developing the LGP property; there is no evidence that the contract vendees claimed or had any right to possession.

## DECISION

We hold that the mere existence of the contract for deed as to an undivided one-half interest with unknown terms as to possession rights did not sever Baihly's title to the whole for purposes of an implied easement.

**Reversed and remanded.**