**LAKE GEORGE PARK,**
**L.L.C., Appellant,**

v.

**IBM MID–AMERICA EMPLOYEES FEDERAL CREDIT UNION, defendant and third–party plaintiff, Respondent,**

**Jerry E. Mathwig, third–party defendant, Respondent.**

**No. C5–97–1962.**

Court of Appeals of Minnesota.

April 7, 1998.

Review Denied June 17, 1998.

Kenneth R. Moen, Dunlap & Seeger, P.A., Rochester, for appellant.

Daniel J. Heuel, Muir, Heuel, Carlson & Spelhaug, P.A., Rochester, for respondent IBM Mid–America.

Paul M. Ohly, Ohly Law Office, Rochester, for respondent Mathwig.

Considered and decided by DAVIES, P.J., and KALITOWSKI and FOLEY, JJ.

## OPINION

DANIEL F. FOLEY, Judge.*

Appellant Lake George Park, L.L.C. argues that the district court erred by granting summary judgment in favor of respondents. We affirm.

## FACTS

George Baihly owned a parcel of land in Rochester that he subdivided and developed over the years. We previously reviewed this land dispute, then focusing on the issue of severance of the landlocked Lake George parcel from the alleged servient estate. *Lake George Park, L.L.C. v. Mathwig,* 548 N.W.2d 312 (Minn.App.1996). The parties now agree that Baihly was the last party to have common ownership of both parcels and that he severed that common ownership in 1988 when he conveyed the Lake George parcel to Green Meadows, appellant's predecessor in title.

Green Meadows, a partnership that included Baihly, developed the Baihly property from west to east; platting and conveying its interest in those earlier parcels without retaining access to the Lake George parcel. When Baihly conveyed the Lake George parcel to Green Meadows in 1988, no easement was granted and none was recorded. The record contains no evidence that the parcel retained by Baihly, now the Mathwig/IBM Mid–America parcel, was ever used as access to the Lake George parcel. In addition, since 1979 a Right of Use Permit for the benefit of the adjoining residential properties restricted access to part of the Lake George parcel.

In December 1990, Green Meadows conveyed its interest in the Lake George parcel to Lake George of Rochester, Minnesota, Inc. which in turn conveyed the parcel to appellant Lake George Park, L.L.C. in February 1993. Appellant knew it was purchasing a landlocked parcel. Baihly retained ownership of the Mathwig/IBM Mid–America parcel until it was conveyed to Norwest Bank in December 1991. In January 1993, Norwest Bank conveyed the parcel to respondent Jerry E. Mathwig, who conveyed it in July 1993 to respondent IBM Mid–America Employees Federal Credit Union. (*See* Illustra-

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn.Const. art. VI, § 10.

tion A.) IBM Mid–America acquired its interest subject to a lis pendens notice of this dispute.

After appellant filed a complaint in district court seeking an implied easement for access across the Mathwig/IBM Mid–America parcel, all parties moved for summary judgment. The district court ruled that appellant could not establish that the Mathwig/IBM Mid–America parcel was ever used for access. The district court entered summary judgment dismissing appellant's easement claim.

## ISSUE

Did the district court err by granting summary judgment in favor of respondents?

## ANALYSIS

■ Appellate review of summary judgment raises two questions: (1) whether there are any issues of material fact and (2) whether the district court misapplied the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). Appellant argues that the district court improperly applied the law of easements, and that an easement of necessity is established by operation of law whenever a landlocked parcel is severed from the servient estate. However, appellant's argument is contrary to Minnesota law. A property owner has the legal right to landlock a parcel of land if he chooses to do so. The right goes with ownership. The issue here involves an easement claim.

■ Minnesota courts treat an easement by necessity as one type of implied easement. *Niehaus v. City of Litchfield,* 529 N.W.2d 410, 412 (Minn.App.1995). The elements of an implied easement are:

(1) a separation of title; (2) the use which gives rise to the easement shall have been so long continued and apparent as to show that it was intended to be permanent; and (3) that the easement is necessary to the beneficial enjoyment of the land granted.

*Romanchuk v. Plotkin,* 215 Minn. 156, 160–61, 9 N.W.2d 421, 424 (1943). "Necessary" means reasonably necessary for the beneficial enjoyment of the property. *Id.* at 163, 9 N.W.2d at 426. "['A]pparent' means that

indicia of the easement * * * must be plainly visible." *Id.* at 162, 9 N.W.2d at 425. The existence of an implied easement is determined at the time of severance. *Clark v. Galaxy Apartments,* 427 N.W.2d 723, 726 (Minn.App.1988). While an easement will not be implied unless it is necessary, all three elements are used as indicia of the parties' intent to create an easement. *Olson v. Mullen,* 244 Minn. 31, 40, 68 N.W.2d 640, 647 (1955).

■ Minnesota courts analyze the rights of an owner of a landlocked parcel under the law of implied easement. *See Lake George Park,* 548 N.W.2d at 313 (easement of access implied if long and continued use and necessity are established at time of severance); *Clark,* 427 N.W.2d at 725–27 (requiring elements of implied easement and holding no easement for failure to establish necessity); *Nunnelee v. Schuna,* 431 N.W.2d 144, 148 (Minn.App.1988) (no easement by necessity for access where no apparent or continued use), *review denied* (Minn. Dec. 30, 1988); *Kleis v. Johnson,* 354 N.W.2d 609, 611 (Minn. App.1984) (implied easement established where driveway was visible and used so long and continuously to establish intent that it be permanent); *cf. In re Petition of Willmus,* 568 N.W.2d 722, 725–26 (Minn.App.1997) (easement must be noted on certificate of title of registered property, or owner of servient estate must have actual knowledge of existence of easement), *review denied* (Minn. Oct. 21, 1997).

Appellant cites *Bode v. Bode,* 494 N.W.2d 301 (Minn.App.1992) to support his argument that the law recognizes an access easement for the benefit of all landlocked parcels. However, at issue in *Bode* was the location, and not the existence, of an easement by necessity. *Id.* at 304 ("All parties agree that [purchaser] received an easement by necessity in 1943 from [his seller]"). The landlocked purchaser in *Bode,* a farmer, immediately established and began using an easement across the retained land of his grantor/brother, also a farmer. The location of the access shifted over the years but there was no question that the parties intended to allow access to the landlocked parcel. *Id.* at 302–04. Both the facts and is-

sues decided in *Bode* differ from what we decide here.[1]

■ Here, because there was no evidence that the Mathwig/IBM Mid–America parcel was ever used as access to the Lake George parcel, appellant's claim of an implied easement for access was properly denied. *See Lake George Park*, 548 N.W.2d at 312 (party claiming implied easement for access must establish "long continued and apparent" use from time of severance) (quoting *Romanchuk*, 215 Minn. at 160, 9 N.W.2d at 424). Appellant cites no Minnesota case where an easement of necessity was implied for the benefit of a party remote to the severing transaction without a showing of apparent and continued use. This court, as an error correcting court, is without authority to change the law.

Alternatively, appellant argues that the district court clearly erred when it found that appellant "failed to establish a longstanding, continuous, and apparent use of the IBM property." Appellant relies on Baihly's affidavit, which states that at the time of severance, "access to the [Lake George parcel] was shifted onto * * * what is now known as the IBM Credit Union property. * * * No easement providing for that access was recorded." Baihly's affidavit speaks only of access. Case law requires "the use which gives rise to the easement shall have been so long continued and apparent as to show that it was intended to be permanent." *Romanchuk*, 215 Minn. at 160, 9 N.W.2d at 424. Nothing in the record establishes that the Mathwig/IBM Mid–America property was ever used for access to the Lake George parcel. Because appellant failed to establish that respondents' property was ever used for access, a necessary element of its claim, summary judgment was proper.

■ Moreover, implying an easement is an equitable doctrine and equity does not favor appellant. *See Larson v. Amundson*, 414 N.W.2d 413, 417 (Minn.App.1987) (court has equitable power to determine fair extent of easement). Appellant knew he was buying a landlocked parcel and presumably paid a price that reflected that fact. Further, Mathwig had no notice of an easement when he purchased his parcel. The lis pendens, filed shortly before closing of the sale from Mathwig to IBM Mid–America, did not change the rights of the parties but only provided notice of appellant's claim. *See* Minn.Stat. § 117.065 (1996) (requires notice of pending proceedings). Equity does not favor access at the expense of a good faith purchaser who was not a party to the transaction that landlocked appellant's parcel. *See, e.g., Nunnelee*, 431 N.W.2d at 148 (no easement by necessity for access where no apparent or continued use); *cf. Willmus*, 568 N.W.2d at 726 (purchaser must have actual knowledge of existence of easement if that easement is to be valid).

We note appellant's argument that landlocked parcels are against public policy, but also note that appellant has other recourse. Appellant is free to negotiate with the surrounding landowners to purchase access to existing public roadways. Further, if providing access to landlocked parcels is the public policy of the city of Rochester, the city can exercise its powers to achieve that public policy. *See* Minn.Stat. § 164.02, subd. 1 (1998) (delineating authority of towns to establish roads).

## DECISION

Because appellant failed to establish a necessary element of his claim to an implied easement, the district court properly entered summary judgment in favor of respondents.

**Affirmed.**

---

1. The language in *Bode* suggests a distinction, recognized by some jurisdictions and commentators, between implied easements and easements of necessity. *See Bode*, 494 N.W.2d at 303–04 & n. 1. However, any distinction in *Bode* was limited to the parties to the severing transaction. "[W]hen a landowner conveys a portion of land that has no access * * * *the owner of the purchased portion has a right of access across the retained lands of the grantor* unless the conveying document explicitly disclaims any right of access." *Id.* at 303–04 (emphasis added); *accord Pine Tree Lumber Co. v. McKinley*, 83 Minn. 419, 420, 86 N.W. 414, 415 (1901) (defendant's grant to plaintiff of right to enter defendants land and remove pine "included whatever was reasonably necessary to make it effective" including right to construct and use logging road across land retained by defendant); 28A C.J.S. § 91a (easement by necessity for access may be claimed only by immediate parties to transaction). *Compare* 4 Richard Powell & Patrick Rohan, *Powell on Real Property* § 34.07 (easement may be found despite many intervening conveyances); *Pencader Assoc., Inc. v. Glasgow Trust*, 446 A.2d 1097, 1100 (Del.Super.1982) (easement of necessity cannot be terminated by mere nonuse, remanding to determine fact issue of existence of easement of necessity 170 years after severance of property).

**ILLUSTRATION A***

**ILLUSTRATION A***

* This illustration, taken from respondent IBM Mid-America's brief, is not drawn to scale

11

* This illustration, taken from respondent IBM Mid-America's brief, is not drawn to scale and is included only as an aid to understanding the facts.