**In the Matter of the WELFARE OF S.J.D., Child.**

**No. C5–99–2016.**

Court of Appeals of Minnesota.

Oct. 10, 2000.

John M. Stuart, State Public Defender, Charlann Winking, Assistant Public Defender, Minneapolis, for appellant.

Mike Hatch, Attorney General, and Susan Gaertner, Ramsey County Attorney, Mark Nathan Lystig, Assistant County Attorney, St. Paul, for respondent.

Considered and decided by SHUMAKER, Presiding Judge, ANDERSON, Judge, and FOLEY, Judge.[*]

_____

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

## OPINION

SHUMAKER, Judge.

Appellant S.J.D. challenges a district court order denying his motion to withdraw his waiver of a certification hearing. Because we find that his waiver was knowing, voluntary, and intelligent, we affirm.

## FACTS

The state filed a delinquency petition in juvenile court charging 17–year–old S.J.D. with first-degree and third-degree assaults. The petition alleged that, on June 5, 1999, S.J.D. and others were "raging," that is, drinking alcohol, acting crazy, and beating up anyone who walked by them. In that condition, S.J.D. and the others beat two men, stripped their clothes off, and left the men lying unconscious in the dirt. The state also filed a motion to certify S.J.D. for adult prosecution.

S.J.D. appeared in juvenile court with his attorney on June 18, 1999, and requested a hearing on the certification motion. The court ordered a psychological examination and a certification study and set the matter for hearing.

On the certification hearing date, S.J.D. appeared with his attorney who stated that S.J.D. "would like to waive the certification hearing and have his matter transferred to adult court." The court inquired of S.J.D. as to his understanding of his rights and the consequences of a waiver of certification. S.J.D.'s attorney reviewed with him on the record his written waiver of a certification hearing. The attorney noted that, on the previous day, she had reviewed the waiver with S.J.D. and his mother, father, and grandfather. The attorney then asked and S. J.D. answered:

Q.   And so you are pretty satisfied that you have looked at this just about every way there is to look at it and

Minn. Const. art. VI, § 10.

this is a decision that you want to make; right?

A. Yes.

The court accepted S.J.D.'s waiver, ordered his certification, and transferred the matter to district court.

When the case reached the district court, S.J.D. appeared with a new attorney and moved to withdraw his waiver of certification. The district court sent the matter back to the juvenile court for a hearing on the motion. At that hearing S.J.D. acknowledged his prior waiver, admitted meeting with his previous attorney several times, and admitted knowing that both his probation officer and a court-appointed psychologist who examined him recommended that S. J.D. be certified to be tried as an adult.

S.J.D.'s attorney argued that the waiver had not been knowing, intelligent, voluntary, and informed. He noted that S.J.D. has an IQ of 77, which makes him "borderline retarded," and that this mental deficiency, coupled with the threat that the state would add new charges, prevented the waiver from being knowing, intelligent, voluntary, and informed. The attorney also made an offer of proof that a family practice physician who examined S.J.D. would testify that S.J.D. has organic brain damage from fetal alcohol syndrome, is very vulnerable, and should not be certified to be tried as an adult.

The juvenile court denied S.J.D.'s motion to withdraw his waiver of certification and S.J.D. appeals that ruling.

### ISSUE

Did the district court abuse its discretion in denying appellant's motion to withdraw his waiver of a certification hearing?

### ANALYSIS

The rules of juvenile procedure govern the procedure for all delinquency matters in the juvenile courts. Minn. R. Juv. P. 1.01. The rules do not provide for a motion to withdraw a waiver of a certification hearing. A juvenile may appeal a certification order, but must do so within 30 days from the date of certification. Minn. R. Juv. P. 21.03, subds. 1(A)(1), 2(A). Once a certification order is issued, the jurisdiction of the juvenile court is terminated. Minn. R. Juv. P. 18.07, subd. 1.

S.J.D. concedes that he did not bring his motion to withdraw his waiver within the time for appealing a certification order. He also concedes that the juvenile rules are silent as to motions to withdraw a waiver of a certification hearing, but argues that such a right should exist. S.J.D. asks this court to create a new juvenile court procedure, which we cannot do. The task of extending existing law falls to the supreme court or the legislature. *Tereault v. Palmer*, 413 N.W.2d 283, 286 (Minn.App.1987), *review denied* (Minn. Dec. 18, 1987); *see also* Minn.Stat. § 480.0595 (1998) (stating that "[t]he supreme court shall promulgate rules to regulate the pleadings, practice, procedure and the forms thereof in juvenile proceedings in all juvenile courts of the state * * * ."). Although we agree that it would be helpful to have a rule that sets standards for withdrawal of a waiver of a certification hearing in appropriate cases, this court, as an error-correcting court, is without authority to create such a rule. *Lake George Park, L.L.C. v. IBM Mid-America Fed. Credit Union*, 576 N.W.2d 463, 466 (Minn.App.1998), *review denied* (Minn. June 17, 1998).

Despite the fact that a motion to withdraw a certification waiver is not expressly authorized by the juvenile procedure rules, in the interests of justice we have considered S.J.D.'s argument that his waiver was not knowing, voluntary, intelligent, or informed.

A juvenile court's decision to certify a child for adult prosecution will not be reversed unless the court's findings are so erroneous as to constitute an abuse of discretion. *In re Welfare of S.J.G.*, 547 N.W.2d 456, 459 (Minn.App.1996), *review*

*denied* (Minn. Aug. 6, 1996) (quotation omitted).

It is presumed that a proceeding involving an offense committed by a child will be certified if:

(1) the child was 16 or 17 years old at the time of the offense; and

(2) the delinquency petition alleges that the child committed an offense that would result in a presumptive commitment to prison under the sentencing guidelines and applicable statutes * * *. If the court determines that probable cause exists to believe the child committed the alleged offense, the burden is on the child to rebut this presumption by demonstrating by clear and convincing evidence that retaining the proceeding in juvenile court serves public safety.

Minn.Stat. § 260.125, subd. 2a (1998).

S.J.D. was charged with first-degree assault in violation of Minn.Stat. §§ 609.221, subd. 1; 609.05 (1998), and third-degree assault in violation of Minn.Stat. §§ 609.223; 609.05 (1998), both of which would result in a presumptive prison sentence. He was 17 years old at the time of the offenses. Therefore, the presumption of certification applied, and the burden of proving that public safety would be served by retaining the proceeding in juvenile court was on him.

■ However, a juvenile may waive his right to a certification hearing and his right to present evidence to rebut a presumption of certification. Minn. R. Juv. P. 18.04, subd. 1(C). Such a waiver must be knowingly, voluntarily, and intelligently made on the record after the child is informed of his right to a certification hearing by counsel. *Id.;* Minn.Stat. § 260.155, subd. 8(a) (1998). The validity of a waiver depends on the particular facts and circumstances surrounding the case, including the defendant's background, experience, and conduct. *State v. Richards,* 456 N.W.2d 260, 264 (Minn.1990). In determining whether a child has knowingly, voluntarily, and intelligently waived his right

to a certification hearing, the court looks at the totality of the circumstances, including the presence of the child's parents, the child's age, maturity, intelligence, education, experience, and the ability of the child to comprehend the proceedings and consequences. Minn. R. Juv. P. 18.04, subd. 1(C).

■ S.J.D. argues that his waiver was not voluntary because the state offered an alleged plea bargain which was, in fact, illusory. The state agreed that if S.J.D. waived certification the state would allow him to plead guilty to the two assault counts, with a double departure from the guidelines sentence for the first-degree assault conviction. The state said that if he refused to waive certification, the complaint would be amended to add charges of kidnapping and attempted murder. Such a plea bargain does not make S.J.D.'s waiver involuntary. *See, e.g., State v. Ecker,* 524 N.W.2d 712, 719 (Minn. 1994) (holding that threat to prosecute fully a defendant if he does not plead guilty is constitutional); *Sykes v. State,* 578 N.W.2d 807, 813 (Minn.App.1998) (finding nothing improper about statement by state that it will fully prosecute if there is no plea agreement because state is merely pointing out its legal authority to prosecute defendants who plead not guilty and go to trial), *review denied* (Minn. July 16, 1998), *cert. denied,* 525 U.S. 1055, 119 S.Ct. 619, 142 L.Ed.2d 558 (1998).

S.J.D. also argues that because of his limited intellectual functioning, as evidenced by the psychological report of Dr. Roger Carten, his waiver was not intelligently made. However, Dr. Carten concluded that: (1) psychological tests administered to S.J.D. suggest that while he has limited cognitive abilities, he is not so mentally deficient as to exclude him from the court process; (2) while his mental deficiencies may impair his ability to participate in his own defense, he has the capacity to do so; and (3) S.J.D. understands the charges against him and the possible consequences.

In addition, evidence in the record shows that S.J.D.'s attorney discussed his rights and the waiver with him, his parents, and his grandfather. S.J.D. initialed each statement in the waiver form explaining his rights. At the hearing, S.J.D. was thoroughly questioned by the court and his attorney about his understanding of his rights and the effect of waiving them. Although he had a new attorney in district court, he made no allegations that he received ineffective assistance of counsel in juvenile court. He makes no such allegations on appeal. We conclude that S.J.D.'s waiver was knowing, voluntary, and intelligent.

## DECISION

The district court did not abuse its discretion in concluding that S.J.D.'s waiver of his right to a certification hearing was knowing, voluntary, and intelligent.

**Affirmed.**