*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1639**

Bruce Joseph Fischbach, petitioner,
Respondent,

vs.

Commissioner of Public Safety,
Appellant.

**Filed August 18, 2014
Reversed
Rodenberg, Judge**

Pine County District Court
File No. 58-CV-13-8

Jeffrey S. Sheridan, Strandermo, Sheridan & Dulas, P.A., Eagan, Minnesota (for respondent)

Lori Swanson, Attorney General, Adam Kujawa, James E. Haase, Assistant Attorneys General, St. Paul, Minnesota (for appellant)

Considered and decided by Chutich, Presiding Judge; Rodenberg, Judge; and Stoneburner, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**RODENBERG**, Judge

Appellant Commissioner of Public Safety challenges the district court's order rescinding the revocation of respondent Bruce Joseph Fischbach's driver's license. Because the totality of the circumstances demonstrates that respondent consented to the chemical test, we reverse.

## FACTS

Around 1:20 a.m. on December 3, 2012, Minnesota State Trooper Richard Pender conducted a traffic stop of respondent's vehicle because it was travelling over the right fog line at 79 miles per hour in a 70-mile-per-hour zone. While talking to respondent, Trooper Pender noticed that respondent had "an odor of alcoholic beverage coming from his breath" and that he had "very red and bloodshot eyes." Respondent admitted that he had been drinking alcohol, but stated that his last drink was at 6:00 p.m. Respondent submitted to a preliminary breath test, which showed an alcohol concentration of .172.

Trooper Pender arrested respondent and transported him to the Pine County jail, where he read respondent the implied consent advisory. Respondent stated that he understood the advisory and declined to consult with an attorney. Trooper Pender then asked respondent "if he would take a breath test" and "he said yes." The breath test revealed an alcohol concentration above .08.

Appellant revoked respondent's driver's license pursuant to the Minnesota Implied Consent Law, Minn. Stat. § 169A.52, subd. 4(a) (2012), and respondent challenged the revocation. The evidence at the implied consent hearing consisted of the completed

implied consent advisory and Trooper Pender's testimony regarding the events of December 3. Trooper Pender testified that he neither attempted to obtain a search warrant before obtaining a breath test nor asked respondent whether respondent would consent to testing until after reading him the implied consent advisory.

The district court granted respondent's motion to rescind the revocation of his driver's license, concluding that "there was no valid consent to submit to testing" because respondent could either take the test or face criminal penalties for test refusal. This appeal followed.

**D E C I S I O N**

"When the facts are not in dispute, the validity of a search is a question of law subject to de novo review." *Haase v. Comm'r of Pub. Safety*, 679 N.W.2d 743, 745 (Minn. App. 2004). In reviewing the constitutionality of a search, "we independently analyze the undisputed facts to determine whether evidence resulting from the search should be suppressed." *Id.* A district court's conclusions of law are not overturned "absent erroneous construction and application of the law to the facts." *Id.*

The United States and Minnesota Constitutions guarantee people the right to be free from unreasonable searches. U.S. Const. amend. IV; Minn. Const. art. I, § 10. Collection and testing of a person's breath constitutes a search under the Fourth Amendment to the United States Constitution and requires a warrant or an exception to the warrant requirement. *Skinner v. Ry. Labor Execs.' Ass'n*, 489 U.S. 602, 616-17, 109 S. Ct. 1402, 1412-13 (1989).

3

Consent is an exception to the warrant requirement. *State v. Brooks*, 838 N.W.2d 563, 568 (Minn. 2013), *cert. denied* 134 S. Ct. 1799 (2014). "For a search to fall under the consent exception, the [s]tate must show by a preponderance of the evidence that the defendant freely and voluntarily consented." *Id.* In determining whether consent is voluntary, "we consider the totality of the circumstances, including the nature of the encounter, the kind of person the defendant is, and what was said and how it was said." *Id.* at 569 (quotation omitted). In the implied consent context, the nature of the encounter includes how the police came to suspect that the driver was driving under the influence of an intoxicant, how the request to submit to chemical testing was made, including whether the driver was read the implied consent advisory, and whether the driver had the right to consult with an attorney. *Id.* at 569. "[A] driver's decision to agree to take a test is not coerced simply because Minnesota has attached the penalty of making it a crime to refuse the test." *Id.* at 570.

Respondent argues that, unlike the defendant in *Brooks*, he did not consent to the breath test because he complied with Trooper Pender, did not consult an attorney, and had not previously been arrested for DWI. But *Brooks* set forth a totality-of-the-circumstances analysis. *Id.* at 569-70. The Minnesota Supreme Court held that the defendant in *Brooks* voluntarily consented to testing after "examining all of the relevant circumstances," including that he did not challenge the probable cause that he had been driving under the influence, he was properly read the implied consent advisory, he was not subject to repeated police questioning and did not spend days in custody before consenting, and he consulted with an attorney before he consented to testing. *Id.* at 569-

4

71. No one circumstance was determinative. *See id.* at 571 (explaining that Brooks's consultation with an attorney merely "reinforce[d] the conclusion" that he consented to testing).

The district court did not have the benefit of the supreme court's decision in *Brooks* when it held that respondent's consent to the breath test was coerced by the implied consent advisory. Under the criteria for examining the totality of the circumstances set out in *Brooks*, respondent's consent was not coerced. Trooper Pender stopped a vehicle that was speeding and driving over the right fog line. He observed indicia of intoxication, and respondent admitted that he had been drinking alcohol. Trooper Pender read the implied consent advisory to respondent. Respondent stated that he understood the advisory and declined to consult with an attorney. When Trooper Pender asked respondent "if he would take a breath test," "he said yes." Based on the totality of the circumstances, respondent voluntarily consented to the breath test. Nothing in the record suggests that respondent "was coerced in the sense that his will had been overborne and his capacity for self-determination critically impaired." *See id.*

Contrary to respondent's suggestion, appellant is not required to prove that respondent would have agreed to the test regardless of receiving the implied consent advisory. *See id.* at 570 (stating that a "driver's decision to agree to take a test is not coerced simply because Minnesota has attached the penalty of making it a crime to refuse the test"). And we disagree with appellant's contention that consent under the Fourth Amendment is based solely on an objective analysis. *See State v. Harris*, 590 N.W.2d 90, 102 (Minn. 1999) ("Whether consent was voluntary is determined by examining the

5

totality of the circumstances, including the nature of the encounter, the kind of person the defendant is, and what was said and how it was said." (quotation omitted)).  Because the totality of the circumstances includes "the kind of person the defendant is," there is a subjective component to the consent analysis.  *See id.*  Here, having examined the totality of the circumstances, we conclude that appellant has met the burden to show that respondent consented to testing.

Respondent also argues that Minnesota's implied consent law is unconstitutional. In *Brooks*, the supreme court rejected the defendant's alternative argument that the implied-consent statute was unconstitutional under *Missouri v. McNeely*, 133 S. Ct. 1552 (2013).  838 N.W.2d at 572-73; *see also State v. Bernard*, 844 N.W.2d 41, 46 (Minn. App. 2014) (holding that a prosecution for test refusal under the implied-consent law "did not implicate any fundamental due process rights"), *review granted* (Minn. May 20, 2014).  In addition, the implied-consent statute does not violate the doctrine of unconstitutional conditions.  *See Stevens v. Comm'r of Pub. Safety*, ___ N.W.2d ___, ___, 2014 WL 3396522, at *5-11 (Minn. App. July 14, 2014) (setting forth four reasons why the Minnesota Implied Consent Law does not violate the doctrine of unconstitutional conditions).  And we decline to overrule the supreme court's binding authority in *Brooks*, as respondent requests.  *See Lake George Park, L.L.C. v. IBM Mid-America Emps. Fed. Credit Union*, 576 N.W.2d 463, 466 (Minn. App. 1998) ("This court, as an error correcting court, is without authority to change the law."), *review denied* (Minn. June 17, 1998).

Finally, respondent argues that we must remand for the district court to determine whether he voluntarily consented to chemical testing. The record here supports no conclusion other than that respondent voluntarily consented and a remand is therefore not necessary. Because respondent consented to the breath test, we reverse.[1]

**Reversed.**

---

[1] Because we reverse based on respondent's consent, we do not reach appellant's other arguments on appeal.