*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-2069**

State of Minnesota,
Respondent,

vs.

Dean William Crider,
Appellant.

**Filed November 2, 2015
Affirmed
Rodenberg, Judge**

Todd County District Court
File No. 77-CR-14-410

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Charles G. Rasmussen, Todd County Attorney, Long Prairie, Minnesota; and

Scott A. Hersey, Special Assistant Todd County Attorney, Minnesota County Attorneys Association, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Kathryn J. Lockwood, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Reyes, Presiding Judge; Connolly, Judge; and Rodenberg, Judge.

**RODENBERG**, Judge

Appellant argues that he must be permitted to withdraw his guilty plea to felony test refusal because Minnesota's criminal test-refusal statute is unconstitutional under *Missouri v. McNeely*, 133 S. Ct. 1552 (2013), and federal and state due process guarantees. We affirm.

## FACTS

On April 26, 2014, Long Prairie Police arrested appellant Dean William Crider for driving under the influence of alcohol. The implied-consent law was invoked and, at the jail, the officer gave appellant a telephone and contact information for an attorney with whom appellant said he was familiar. Appellant looked through the telephone directories provided to him, but never called an attorney. Instead, he eventually stated that "he was done with his phone time, and done incriminating himself." The officer then asked appellant to submit to a breath test, and appellant said "no." The officer then asked if appellant would submit to either a urine or blood test. Appellant declined.

Appellant was charged with one count of first-degree driving while impaired (DWI) in violation of Minn. Stat. § 169A.20, subd. 1(1) (2012), and one count of first-degree test refusal in violation of Minn. Stat. § 169A.20, subd. 2. Appellant pleaded guilty to first-degree test refusal in exchange for the state dismissing the DWI charge and recommending a 51-month prison sentence. Appellant now challenges the constitutionality of the test-refusal statute for the first time on appeal.

**D E C I S I O N**

**I.**

Appellant failed to challenge the constitutionality of the test-refusal statute to the district court. An appellate court will not consider matters not argued to and considered by the district court. *Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996). This rule applies to questions about the constitutionality of criminal statutes. *Id.*; *State v. Moore*, 846 N.W.2d 83, 87 (Minn. 2014). Here, appellant pleaded guilty to the charges and never raised any concerns about the constitutionality of the test-refusal statute. A counseled guilty plea "operates as a waiver of all nonjurisdictional defects," including claimed constitutional violations. *State v. Iverson*, 664 N.W.2d 346, 350 (Minn. 2003). Appellant's constitutional argument should have been evident at the time of his guilty plea because the United States Supreme Court's decision in *Missouri v. McNeely*, 133 S. Ct. 1552 (2013), predated appellant's offense and guilty plea. For these reasons, appellant's constitutional challenge to Minn. Stat. § 169A.20, subd. 2 (2012) is procedurally barred.

**II.**

Even were appellant's arguments not procedurally barred, they fall squarely within the holding of the Minnesota Supreme Court in *State v. Bernard*, 859 N.W.2d 762 (Minn. 2015). *Bernard* held that Minnesota's test-refusal statute was constitutional as applied to a breath-test refusal. *Bernard*, 859 N.W.2d at 767-68. Appellant nevertheless argues that the test-refusal statute is unconstitutional, and that we should disregard *Bernard* and

"instead should conclude, under *McNeely*, that a breath test is a constitutionally unreasonable search."

Minn. Stat. § 169A.20, subd. 2, criminalizes refusal to submit to alcohol concentration testing "of the person's blood, breath, or urine." The supreme court held in *Bernard* that "the test refusal statute is a reasonable means to a permissive object and that it passes rational basis review." *Bernard*, 859 N.W.2d at 774. *Bernard* held that a breath test is constitutionally permissible as a search incident to arrest, and a person "does not have a fundamental right to refuse a constitutional search." *Id.* at 772-73.

Appellant refused the same alcohol-concentration test as was at issue in *Bernard*—a breath test.[1] *Cf. State v. Trahan*, __ N.W.2d __ (Minn. App. Oct. 13, 2015) (holding that Minnesota's test-refusal statute is unconstitutional as applied to a refusal to submit to a warrantless blood test). Appellant argues that we are free to not follow *Bernard* because there is a pending petition for certiorari at the United States Supreme Court in that case. Appellant's argument misconstrues our proper role. "This court, as an error correcting court, is without authority to change the law." *Lake George Park, L.L.C. v. IBM Mid-America Emps. Fed. Credit Union*, 576 N.W.2d 463, 466 (Minn. App. 1998), *review denied* (Minn. June 17, 1998). Because the supreme court's holding in *Bernard* is binding on this court, and because appellant refused a breath test, appellant's argument lacks merit.

---

[1] After refusing the breath test, the officer asked appellant to submit to a blood or urine test, and appellant refused. The officer was not required to offer appellant alternative tests, Minn. Stat. § 169A.51, subd. 3 (2012), and appellant has made no argument in his brief that the refusal of those tests—and not the breath test—should control the analysis.

The test-refusal statute is constitutional, and appellant's conviction for test refusal is affirmed.

**Affirmed.**