*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0423**

State of Minnesota,
Respondent,

vs.

David Lee Clifton,
Appellant.

**Filed November 23, 2015
Affirmed
Larkin, Judge**

Beltrami County District Court
File No. 04-CR-14-1590

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Annie Claesson-Huseby, Beltrami County Attorney, Wyatt T. Arneson, Assistant County Attorney, Bemidji, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Rochelle R. Winn, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Worke, Presiding Judge; Larkin, Judge; and Bjorkman, Judge.

# UNPUBLISHED OPINION

**LARKIN**, Judge

Appellant challenges his conviction of third-degree driving while impaired (test refusal), arguing that Minnesota's criminal test-refusal statute is unconstitutional. We affirm.

## FACTS

In May 2014, respondent State of Minnesota charged appellant David Lee Clifton with third-degree driving while impaired (test refusal). Clifton requested an omnibus hearing but later withdrew that request and decided to plead guilty. When Clifton informed the district court of his plea decision, the district court mentioned that the Minnesota Supreme Court had recently heard arguments regarding whether the criminal test-refusal statute is unconstitutional. The district court suggested that Clifton proceed with a stipulated trial so he could preserve the constitutional issue for appeal. Clifton agreed to do so.

The district court conducted a bench trial under Minn. R. Crim. P. 26.01, subd. 3, based on stipulated facts including the following:

> Based on [field sobriety] tests and on multiple indicia of intoxication, Deputy [Josh] Cook arrested [Clifton] for driving while impaired.
>
> Once at the Beltrami County jail, [Clifton] was taken to the Intoxilyzer room, where Deputy Cook read the implied consent advisory to him. [Clifton] was hostile and aggressive throughout, calling the deputy racist and telling him to go to hell.

2

> Deputy Cook advised [Clifton] of his right to talk with an attorney and that a phone book would be made available to him. Defendant replied that he wasn't going to call anyone.

> When Deputy Cook asked [Clifton] if he would submit to a breath test, [Clifton] remained silent.

The district court found Clifton guilty of third-degree refusal, sentenced him to one year in jail, and stayed execution of all but 15 days. The district court never considered or decided whether Minnesota's criminal test-refusal statute is unconstitutional. Clifton appeals, attempting to challenge the constitutionality of the test-refusal statute.

## D E C I S I O N

Clifton contends that Minnesota's test-refusal statute, Minn. Stat. § 169A.20, subd. 2 (2012), "violates the state and federal constitutional rights to due process of law and the doctrine of unconstitutional conditions by criminalizing a driver's refusal to consent to a presumptively unreasonable, warrantless search."

Clifton states that he "waived his right to a jury trial and submitted his case to the district court pursuant to Minn. R. Crim. P. 26.01, subd. 3, in order to preserve his right to challenge the constitutionality of the test-refusal statute." However, the constitutionality of the test-refusal statute was not considered or decided in the district court. In fact, Clifton withdrew his request for an omnibus hearing, where he could have raised that issue. *See* Minn. R. Crim. P. 11.02 (providing that on demand, the district court must conduct an omnibus hearing and hear all motions relating to constitutional issues). Clifton does not cite any authority supporting his suggestion that proceeding

3

with a stipulated facts trial under Minn. R. Crim. P. 26.01, subd. 3, preserves a constitutional challenge for appeal when the district court does not decide the merits of the constitutional challenge. Although Minn. R. Crim. P. 26.01, subd. 4, sets forth a procedure under which a defendant may stipulate to the prosecution's case to obtain review of a pretrial ruling, that rule was not used here, and there is no pretrial ruling for this court to review.

An appellate court will not consider matters not argued to and considered by the district court. *Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996). We therefore hold that Clifton's constitutional challenge to the criminal test-refusal statute is not properly before this court.

Even if Clifton's constitutional challenge were properly before this court, we would reject it on the merits. This court reviews questions of law, including constitutional challenges, de novo. *State v. Ness*, 834 N.W.2d 177, 181 (Minn. 2013). However, "[t]his court, as an error correcting court, is without authority to change the law." *Lake George Park, L.L.C. v. IBM Mid-Am. Emps. Fed. Credit Union*, 576 N.W.2d 463, 466 (Minn. App. 1998), *review denied* (Minn. June 17, 1998).

Clifton acknowledges that this court is "plainly bound by the Minnesota Supreme Court" and its recent decision in *State v. Bernard*, 859 N.W.2d 762 (Minn. 2015), regarding the constitutionality of the test-refusal statute as applied to breath tests. In *Bernard*, the supreme court held that breath tests of persons lawfully arrested on suspicion of drunk driving are constitutional under the search-incident-to-arrest exception to the warrant requirement. *Bernard*, 859 N.W.2d at 772. The supreme court concluded

4

that there is no fundamental right to refuse such a constitutional search and therefore reviewed the test-refusal statute, as applied to breath tests, under the rational-basis test. *Id.* at 773-74. The court held that because the test-refusal statute "is a reasonable means to a permissive object, it does not violate [a driver's] right to due process under the United States or Minnesota Constitutions." *Id.* at 763. Clifton's due-process argument fails under *Bernard*.

Clifton also contends that Minnesota's criminal test-refusal statute violates the doctrine of unconstitutional conditions because "it compels the surrender of the constitutional right to withhold consent to a Fourth Amendment search as a condition of driving." This court recently held that the test-refusal statute, as applied to breath tests, does not violate the unconstitutional-conditions doctrine because breath tests given pursuant to the implied-consent statute are valid searches incident to arrest under *Bernard*. *State v. Bennett*, 867 N.W.2d 539, 542-43 (Minn. App. 2015), *review denied* (Minn. Oct. 28, 2015). Clifton's unconstitutional-conditions argument therefore fails under *Bennett*.

**Affirmed.**