*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1045**

State of Minnesota,
Respondent,

vs.

Michael Peter Beard,
Appellant.

**Filed April 11, 2016
Affirmed
Rodenberg, Judge**

Pine County District Court
File No. 58-CR-14-877

Lori Swanson, Attorney General, Karen B. Andrews, Assistant Attorney General, St.
Paul, Minnesota; and

Reese Frederickson, Pine County Attorney, Pine City, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jessica Merz Godes, Assistant
Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Larkin, Presiding Judge; Johnson, Judge; and

Rodenberg, Judge.

**RODENBERG**, Judge

On appeal from his felony test-refusal conviction, Appellant Michael Peter Beard argues that Minnesota's criminal test-refusal statute is unconstitutional under federal and state due-process guarantees, and the doctrine of unconstitutional conditions. We affirm.

**FACTS**

On November 1, 2014, appellant was arrested near Hinckley after Grand Casino security personnel called the police to report that appellant had been driving while intoxicated. When the officers arrived, they watched surveillance footage of appellant parking his truck in the casino parking lot, and also observed appellant exhibiting signs of intoxication in person, from which the officers suspected that appellant was drunk. The officers asked appellant to submit to field-sobriety testing, but appellant refused. Appellant was arrested and brought to the Pine County Detention Center.

At the detention center, an officer read appellant the Implied Consent Advisory. Appellant said that he did not understand it. The officer read the advisory a second time, and appellant gave the same response. Appellant then told the officer that he would like to speak with an attorney. But after the officer provided appellant with a phonebook and telephone, appellant never attempted to call an attorney and instead fell asleep. Appellant awakened and the officer asked appellant to take a breath test. Appellant refused.

Appellant was charged with one count of first-degree driving while impaired (DWI) in violation of Minn. Stat. § 169A.20, subd. 1(1) (2014), one count of first-degree test refusal in violation of Minn. Stat. § 169A.20, subd. 2 (2014), and one count of

driving after cancellation in violation of Minn. Stat. § 171.24, subd. 5 (2014). Appellant

pleaded guilty to driving after cancellation, the state dismissed the DWI charge, and

appellant waived his right to a jury trial on the test-refusal charge and agreed to a trial on

stipulated facts under Minn. R. Crim. P. 26.01, subd. 3. The parties also stipulated that,

based upon all of the evidence, the officers had probable cause to believe that appellant

drove while intoxicated.

Appellant challenged the constitutionality of the test-refusal statute, arguing that

the statute violated federal and state due-process guarantees. The district court concluded

that the test-refusal statute was constitutional under *State v. Bernard*, 859 N.W.2d 762

(Minn. 2015), and found appellant guilty of the test-refusal charge. This appeal followed.

**D E C I S I O N**

Appellant argues that "Minnesota's test-refusal statute, Minn. Stat. § 169A.20,

subd. 2, violates the state and federal constitutional rights to due process of law and the

doctrine of unconstitutional conditions by criminalizing a driver's refusal to consent to a

presumptively unreasonable, warrantless search." We review questions of law, including

constitutional challenges, de novo. *State v. Ness*, 834 N.W.2d 177, 181 (Minn. 2013).

But "[t]his court, as an error correcting court, is without authority to change the law."

*Lake George Park, L.L.C. v. IBM Mid-Am. Emps. Fed. Credit Union*, 576 N.W.2d 463,

466 (Minn. App. 1998), *review denied* (Minn. June 17, 1998).

I.     **Due Process**

Appellant first argues that Minnesota's test-refusal statute violates federal and

state due-process guarantees. Appellant concedes that his case falls squarely within the

3

Minnesota Supreme Court's holding in *Bernard*, which held that Minnesota's test-refusal statute is constitutional as applied to a breath-test refusal. 859 N.W.2d at 767.

Minn. Stat. § 169A.20, subd. 2, criminalizes refusal to submit to alcohol-concentration testing "of the person's blood, breath, or urine." In *Bernard*, the supreme court held that "the test refusal statute is a reasonable means to a permissive object and that it passes rational basis review." 859 N.W.2d at 774. *Bernard* held that a breath test is constitutionally permissible as a search incident to a lawful arrest, and a person "does not have a fundamental right to refuse a constitutional search." *Id.* at 772-73. In this case, appellant refused a breath test. Appellant's due-process argument fails under *Bernard*.

## II. Unconstitutional-Conditions Doctrine

Appellant also argues that Minnesota's test-refusal statute violates the unconstitutional-conditions doctrine. Appellant did not raise this issue to the district court, but asks us to consider the argument "in the interest of justice because it falls within the scope of his broader challenge to the constitutionality of the test-refusal statute."

An appellate court will not consider matters not argued to and considered by the district court. *Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996). And generally, "litigants are bound [on appeal] by the theory or theories . . . upon which the action was actually tried below." *Annis v. Annis*, 250 Minn. 256, 262-63, 84 N.W.2d 256, 261 (1957). Appellant never argued this theory of unconstitutionality to the district court.

4

Appellant's unconstitutional-conditions-doctrine challenge to the criminal test-refusal statute is therefore not preserved for appeal.

Even if we were to consider this argument in the interest of justice, we would reject it on the merits. In *State v. Bennett*, we held that the test-refusal statute, as applied to breath tests, does not violate the unconstitutional-conditions doctrine. 867 N.W.2d 539, 542-43 (Minn. App. 2015) *review denied* (Minn. Oct. 28, 2015). Specifically, we held that the breath test

> would *not* have been an unconstitutional search because it would have been a valid search incident to a lawful arrest. . . . Because [appellant] cannot establish that the criminal test-refusal statute authorizes an unconstitutional search, he cannot proceed with [his] claim that the criminal-refusal statute violates the unconstitutional-conditions doctrine.

*Id.* at 543 (quotations and citations omitted). Appellant refused a breath test, and his argument therefore fails under *Bennett*.

**Affirmed.**