*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1437**

State of Minnesota,
Respondent,

vs.

Jeremiah Raymond Hoskins,
Appellant.

**Filed July 5, 2016
Affirmed
Rodenberg, Judge**

Ramsey County District Court
File No. 62-CR-14-7989

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Thomas R. Ragatz, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Steven P. Russett, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Bjorkman, Presiding Judge; Peterson, Judge; and Rodenberg, Judge.

**U N P U B L I S H E D   O P I N I O N**

**RODENBERG**, Judge

On appeal from his felony test-refusal conviction, appellant Jeremiah Raymond Hoskins argues that Minnesota's criminal test-refusal statute is unconstitutional because it violates federal and state due-process guarantees. We affirm.

# FACTS

Around 2:00 a.m. on October 19, 2014, New Brighton police officer Ian Craig responded to a call concerning appellant driving a truck while under the influence of alcohol. Officer Craig learned that appellant's driver's license had been cancelled as inimical to public safety. He located appellant's vehicle parked in the driveway of the house from which the caller initially reported appellant's suspected drunk driving. Officer Craig then called the complainant, who expressed that she did not want the investigation continued. Officer Craig told the caller to contact him if appellant started driving again that night.

Approximately 20 minutes later, the complainant informed Officer Craig that appellant was driving the truck and provided information about the direction in which he was traveling. Officer Craig located the truck at an intersection and turned on his squad car's emergency lights. Appellant drove for approximately two more blocks and then pulled into a gas station. During Officer Craig's ensuing conversation with appellant, the officer observed that appellant had slightly slurred speech, was not following instructions, and had bloodshot, watery eyes. Appellant also admitted that he had been drinking alcohol, but said he was not drunk and offered to take a preliminary breath test (PBT). Officer Craig then requested that appellant get out of the truck to perform field-sobriety tests. Appellant refused to complete any of the tests, including the PBT that he had previously volunteered to take. Officer Craig arrested appellant for driving while impaired and drove him to the police station.

At the police station, Officer Craig read appellant the Implied Consent Advisory. Appellant then made three phone calls to attorneys. Officer Craig asked appellant to take a breath test. Appellant stated that he would take the test if Officer Craig got a warrant. Officer Craig told appellant that this "would unreasonably delay the test" and would constitute a refusal. Appellant again refused to take the test absent a warrant. Officer Craig deemed appellant to have refused testing.

Appellant was charged with one count of first-degree test refusal in violation of Minn. Stat. § 169A.20, subd. 2 (2014), one count of first-degree driving while impaired (DWI) in violation of Minn. Stat. § 169A.20, subd. 1(1) (2014), and one count of driving after cancellation in violation of Minn. Stat. § 171.24, subd. 5 (2014). Appellant challenged whether Officer Craig had probable cause to believe that he was driving while impaired and also challenged the constitutionality of the test-refusal statute, arguing that the statute violated federal and state due-process guarantees. The district court concluded that Officer Craig had probable cause and that the test-refusal statute was constitutional.

Appellant pleaded guilty to driving after cancellation, and the case proceeded to trial on the DWI and test-refusal charges. The jury found appellant guilty of the test-refusal charge and not guilty of the DWI charge. This appeal followed.

## D E C I S I O N

Appellant argues that "Minnesota's test-refusal statute, Minn. Stat. § 169A.20, subd. 2, is unconstitutional to the extent it criminalizes a driver's insistence that police when feasible obtain a warrant before demanding a breath sample." We review questions of law, including constitutional challenges, de novo. *State v. Ness*, 834 N.W.2d 177, 181

(Minn. 2013). But "[t]his court, as an error correcting court, is without authority to change the law." *Lake George Park, L.L.C. v. IBM Mid-Am. Emps. Fed. Credit Union*, 576 N.W.2d 463, 466 (Minn. App. 1998), *review denied* (Minn. June 17, 1998).

Appellant's only argument is that Minnesota's test-refusal statute violates federal and state due-process guarantees. Appellant seems to concede that his argument falls squarely within *State v. Bernard*, in which the Minnesota Supreme Court held that Minnesota's test-refusal statute is constitutional as applied to a breath-test refusal. 859 N.W.2d 762, 767-68 (Minn. 2015), *aff'd sub nom. Birchfield v. North Dakota*, No. 14-1468, 2016 WL 3434398 (U.S. June 23, 2016).

Minn. Stat. § 169A.20, subd. 2, criminalizes refusal to submit to alcohol-concentration testing "of the person's blood, breath, or urine." In *Bernard*, the supreme court held that "the test refusal statute is a reasonable means to a permissive object and that it passes rational basis review." 859 N.W.2d at 774. *Bernard* held that a breath test is constitutionally permissible as a search incident to arrest, and a person "does not have a fundamental right to refuse a constitutional search." *Id.* at 772-73. Because it meets the search-incident-to-arrest exception to the warrant requirement, a police officer does not need to secure a warrant when asking a suspected impaired driver to submit to a breath test. In this case, appellant refused a breath test by conditioning his consent on Officer Craig obtaining a warrant. Appellant's due-process argument therefore fails under *Bernard*.

**Affirmed.**